## Hawkins *vs.* Lambert, &c.

### APPEAL FROM MADISON CIRCUIT.

Case 17.

PET. EQ.

1. If a suit be prosecuted unsuccessfully in the name of the wife alone, to recover a right which belongs to her, she, in conjunction with her husband, cannot prosecute a second suit to recover on the same claim.
2. A party will not be permitted, in a second suit, to litigate the same claim, which has been adjudged unavailable; though asserted on different grounds, all the grounds of claim should be asserted and relied on at once.
3. The court rendering a decree between parties can alone entertain a bill of review on the discovery of testimony.

CASE STATED.

Hawkins and wife brought this suit in the Madison circuit court against Lambert, Smith, and others, residents of Rockcastle county, to recover a sum of money alledged to be in the hands of Smith, received from the commissioner of pensions on account of a pension granted to Mrs. Hawkins, and John and Solomon Lambert, her half brothers, children of the widow of Edward Williams, for his services in the revolutionary war, and which Mrs. Hawkins claims under an assignment from her mother.

A suit had been previously prosecuted in the Rockcastle circuit court, in which Mrs. Hawkins was a party, and asserted claim to the pension to which she and her husband now assert claim in this suit, and in

which it was decided that she was only entitled to one-third of the fund in contest, as one of the children of Mrs. Williams.

*S. Turner*, for appellant—

The plaintiff, Nancy Hawkins, is the only daughter of Elizabeth Williams and Edward Williams, the latter being a captain in the revolutionary war. Elizabeth Williams survived her husband and married a man named Mathias Lambert, by whom she had two children, Solomon and John, and she also survived her second husband.

Under the act of 1836, and subsequent acts, Mrs. Lambert, as the widow of Williams, was entitled to a pension, and having taken some steps towards procuring the same, she, in consideration of $500, and of the fact that Nancy Hawkins was her only child by Williams, by a writing under her hand, transferred her right to the pension to her said daughter, Nancy Hawkins, one of the plaintiff's— *see pages* 5, 6.

The defendant, James Smith, was engaged by Mrs. Lambert to get her pension, but did not procure it until after her death, when he did procure a pension certificate, in the names of Nancy Hawkins, John Lambert, and Solomon Lambert, and under a power of attorney from them drew $5,800, about which there has been considerable litigation, which will be noticed hereafter.

In August, 1855, Hawkins and wife filed their petition in the Madison circuit court, against Lambert, Smith, and others, and making Mrs. Lambert's administrator a party, setting up the transfer aforesaid, and alledging that Smith did not know of the transfer when he procured the certificate, and that the same was wrongfully issued. They prayed that the pension money might be decreed to them.

The Lambert's and their assignees, in their answers, controverted the execution and validity of the transfer to Mrs. Hawkins, and relied upon the litiga-

tion in the Rockcastle circuit court, as a bar and an estoppel to her claim.    Smith admitted the obtaining of the pension, and the administrator of Mrs. Lambert, by way of counter-claim, insisted that the pension money should properly be paid to him.

At the March term, 1856, the plaintiffs' petition was dismissed for the want of jurisdiction, whereupon the plaintiffs' appealed to this court—*see page* 81.

We contend that the court erred in dismissing the petition of Hawkins and wife, either for the want of jurisdiction or on the merits.

And first on the point of jurisdiction. The defendant, Smith, was an essential party to the action, having the main part of the controverted fund in his hands, and the other defendants were all interested in the controversy, and necessary parties to a full and complete settlement of the matters drawn in question; the action was under *title* 5, *sections* 106 *and* 8, transitory and not local, and the defendant Smith was served with process in the county of Madison.

Secondly.    The litigation in Rockcastle did not deprive the Madison circuit court of its jurisdiction— that litigation was ended before this action commenced, and the object of this action was not mainly to enjoin the judgment of the Rockcastle circuit court, but to attach the fund that had been in litigation in that court, and there is no interdict in the Code or Revised Statutes to the Madison circuit courts entertaining such jurisdiction.

Third. We contend that the objection to the jurisdiction was made too late, as will be seen on *page* 81; the case was submitted for hearing generally, which must be understood to be on the merits, as not a word is said in the order of submission about any objection to the jurisdiction, and hence, after a preparation and submission on the merits, we contend that the court erred in dismissing the case for the want of jurisdiction. (*See Crook &c. vs Miller, Spring term, 1856.*)

HAWKINS
*vs.*
LAMBERT, &c.

Fourth. We contend, that if the court in Madison had no power to grant an injunction or attachment, for interlocutory purposes, it had the jurisdiction and power, as the subject matter was transitory, to adjudicate on and settle the rights of the parties to the pension fund, as the case was submitted by consent for adjudication on the merits, after the injunction and attachment had been discharged; and the case being so submitted the court erred in dismissing it for the want of jurisdiction. (*See Mason vs Chambers, &c. 4 J. J. Marshall,* 409.)

We maintain, that after the passage of the acts of congress allowing Mrs. Lambert a pension, she had the legal right and power to assign and transfer the same to another person, for a valuable consideration. The right to make such transfer is expressly recognised in the opinion of this court, between the same parties, delivered in June, 1855, in the part which speaks of the contract with Smith and in various other cases, in this court, and particularly in the case referred to from Louisville, in the brief of the counsel in this case filed in the cases just referred to.

If a transfer in any case, of a right to a pension, is valid, surely the facts and the circumstances of this case invoke the favourable consideration of the court, as strongly as any case that will come before it.

The effect of the litigation in Rockcastle and in this court, on the rights of Mrs. Hawkins, remain to be considered.

In that litigation, Mrs. Hawkins was a married woman, and her husband was not made a party, plaintiff or defendant; and as her legal existence was merged in her husband, it would be inconsistent with the principles of law and justice to fasten on her an estoppel under such circumstances.

Again, in the former litigation Mrs. Hawkins asserted no right to the pension of her mother, except

as the only heir of Williams, who earned the pension. In this case, the claim of Mrs. Hawkins is based entirely upon the transfer made by her mother in her lifetime, not set up in the former litigation at all, but then supposed to have been entirely distroyed, and the evidence that it ever existed lost, and thus this suit is founded on entirely new written matter, hence it is not either on principle, or by precedent, barred by the former litigation. (See the cases of *Price, &c. vs Boyd, &c.* 1 *Dana,* 436.)

On the merits. The claim of Mrs. Hawkins is fully proven, by the depositions of William King and Stephen King, *pages* 82–5, and these witnesses fully explain the reason that the transfer was not set up during the litigation in Rockcastle, and they prove one fact that placed it fully in the power of the defendants to have overturned their evidence, if the transfer had been forged or fraudulent, and that is, the fact that Mrs. Lambert signed her own name to the transfer. Now if this had not been true, the opposite party had it fully in their power to have proved that the hand-write was not hers, and they have failed to take any proof on this or any other subject.

The transfer of Mrs. Hawkins, or her receipt to Smith, filed in the Rockcastle litigation, is not relied on by Smith in this case, and as it was given under the supposition that the transfer to her was lost, and that she was only entitled to a third of the pension, it should not be, and is not, binding in extinguishment of her whole right; besides, her transfer or receipt to Smith is void, as she was a *feme covert* at its date; and on these grounds the other defendant in this case cannot be benefitted by setting up her transfer or receipt to Smith, if in other respects they could do so when Smith does not join in that defense.

The right of Mrs. Hawkins, to the pension is not such as to make it technically a separate estate, so

that she can sue for it or transfer it, without her husband's joining in the action or transfer.

*W. H. Caperton* for appellee—

The answers of the Lamberts and Haly, and the exhibits in their answers, show, in a clear point of view, the history and character of this extraordinary litigation. It is an attempt to litigate, in the Madison circuit court, matters which had been finally settled in the Rockcastle circuit court. The decree of the latter court was, on appeal to this court, affirmed. The opinion of this court is copied in the Rockcastle record, and will be found in this case. It is clear, that as to the plaintiffs, Hawkins and wife, the Madison circuit court had no jurisdiction, but even if it had, the decree in Rockcastle was a bar to their demand.

In cases like the present, where the court has no jurisdiction, a counter-claim shares the fate of the plaintiffs' demand.

The administrator of the widow of Edward Williams has no claim upon the pension in contest. It was granted to her children after her death.

It passed to her heirs by the act of Congress of 1836, and the subsequent acts on the same subject, free from liability to their debts, or the debts of the widow of Williams. The pension was not, and in no state of case could have been, assets in her administrator's hands.

The fact that the pension was granted, or the issuing of the pension certificate to the heirs of the widow of Edward Williams, is conclusive of the right of the heirs as against the administrator. As the creditors of the widow of Edward Williams had no interest in the pension, there could be, and there was not, any propriety in granting the pension certificate to the administrator, and he has no right now to come in and ask the fund to be paid over to him by the parties who are entitled to it, and to whom he would be ordered to refund it. There is no pretext

for the claim of the plaintiff, Nancy Hawkins, under her pretended assignment of the claim, to the pension. Such a claim is not assignable by the acts of congress above referred to, and all such assignments, made before the pension certificate issues, are declared void.

It will be seen, from the proceedings in Rockcastle, that a considerable part of this pension fund is in the hands of a receiver of that court, and it would be an anomaly in judicial proceedings, for another court to undertake to control that fund.

This case was heard by consent of all parties, and the dismissal was right, and I confidently expect an affirmance.

*B. Monroe* on the same side—

In addition to what is said by adjunct counsel, it is sufficient to say that the complainant was bound to set up all the grounds of her claim in her first suit in Rockcastle. She cannot be allowed to stake her case upon one ground, and then upon another, and so protract the litigation *and* multiply suits.

The Madison circuit court had no jurisdiction of the case. If there has been any discovery, so as to render a supplemental bill, or bill of review proper, the Rockcastle circuit alone has jurisdiction.

But she is barred by former adjudication. She was the party in interest, and her rights, have been adjudicated in the former suit, and this suit cannot be maintained.

Judge SIMPSON delivered the opinion of the court.

June 12, 1857

Whether the claim of Elizabeth Lambert to a pension, on account of the services of her deceased husband in the revolutionary war, was assignable, and whether the execution of the assignment relied upon by the plaintiffs, (the witnesses having referred to a writing which was executed about eight years before the time they deposed, whilst the one exhibited bears date some fourteen years previous to that time,)

HAWKINS
*vs.*
LAMBERT, &c.

HAWKINS
*vs.*
LAMBERT, &c.

should be regarded as having been sufficiently established, and if established, whether the right to that part of the pension which was allowed by subsequent acts of Congress would pass by it, are matters that it would not be proper now to decide, as we are satisfied the Madison circuit court had no jurisdiction over the case, and could not afford the plaintiffs any relief, even were these questions all decided in their favor.

The fund in contest is claimed by Hawkins and wife, in right of the latter. It belongs to her and not to her husband. If he were to die it would go to her by survivorship. He cannot sue for it in his own name, but she has to be joined with him in the action. She is barred by the judgment of the circuit court of Rockcastle county, in which it was decided that she was not entitled to the whole, but only to one-third of the pension, and therefore this suit cannot be maintained in her name. She claimed in that suit, as she does in the present action, the whole of the fund in contest, and the judgment of the court was against her claim. The fact that she based her right to it, in that action, on one ground, and in the present action, on a different ground, cannot diminish the effect of the former judgment as a bar, or authorize her to maintain another action to assert the same demand. It was incumbent on her to present in that action all the grounds of her claim, and all the evidence she relied on to sustain it.

1. If a suit be prosecuted unsuccessfully in the name of the wife alone, to recover a right which belongs to her, she, in conjunction with her husband, cannot prosecute a second suit to recover on the same claim.

A right of action cannot be twice asserted by placing it on different grounds at each time. If there be a discovery of a new fact, or additional testimony of such a character as authorizes a re-hearing, a reversal, or modification of the judgment, the application for that purpose must be made to the court that rendered it. Nor does the fact that the former suit was prosecuted in the name of the wife alone, without making her husband a party, prevent the judgment from operating as a bar in this action, in which she is the real party in interest. So long as it remains

2. A party will not be permitted in a second suit, to litigate the same claim, which has been adjudged unavailable, though asserted on different grounds; all the grounds of claim should be asserted and relied on at once.

in force and unreversed, it forms a valid bar to any action in her name, and as her husband cannot maintain the action in his own name alone, it follows that it operates as a bar to the action in their joint names.

As the wife carried on the former action in her own name, and it does not appear in any part of the proceedings in that case that she was a married woman; and as the other parties to the action made no objection to its prosecution in her name alone, and her husband acquiesced in it, the rule of law which makes the judgment of a court of competent jurisdiction, in a case between the same parties, involving the same matters of controversy, a bar to another action, the object of the rule being to put an end to litigation, forbids that she should be permitted, in another action brought jointly by her and her husband, to re-litigate the same matters. It would violate both the object and the spirit of the rule.

If then, the plaintiffs are entitled to any relief, it can only be granted by the Rockcastle, and not by the Madison, circuit court. The former court has the power to vacate and modify the judgment for sufficient cause; the latter has no such power, having no jurisdiction for that purpose.

3. The court rendering a decree between parties can alone entertain a bill of review on the discovery of testimony.

Wherefore, the judgment is affirmed.